Stevenson v. The State.

JAMES STEVENSON, *alias* CHILDERS, *v.* THE STATE.

1. CRIMINAL LAW. *Burglary. Indictment.* The Legislature did not, by the act of 1875, making petit larceny a misdemeanor, contemplate a change of the law of burglary; and an indictment charging the breaking, etc., with intent to commit a felony, to-wit, larceny, is *Held* sufficient.

2. SAME. *Same. Two counts.* The defendant, without demurring or moving to quash, having been convicted only on the first count, cannot object that the indictment contained another count for a misdemeanor upon which he has been acquitted.

3. SAME. *Same. Date.* The indictment charging the offense to have been committed previous to the finding of the indictment, but by mistake of the draftsman charging an impossible date, the date may be rejected. The indictment is good.

Code cited: Sec. 5124.

Cases cited: *King* v. *The State*, 3 Heis., 148; *Scruggs* v. *The State*, MS.

FROM DAVIDSON.

Appeal from the Criminal Court. THOMAS N. FRAZIER, J.

JOHN L. STUBBLEFIELD for Stevenson.

McFARLAND, J., delivered the opinion of the court..

An indictment with two counts was found against the prisoner, and a conviction had upon the first count. A motion to arrest the judgment was made and overruled, and an appeal.

The first count charges the prisoner with breaking and entering the mansion house of the prosecutor in the night-time with intent to commit a felony, to-wit, a larceny, and that he did then and there steal, take, and carry away two pair of shoes of the prosecutor of the value of four dollars.

The first objection is that burglary, the offense intended to be charged in this indictment, consists in breaking and entering a mansion house in the night-time with intent to commit a felony; whereas the felony charged to have . been actually committed after the entering, was petit larceny, which, under a recent act of our Legislature, is now only a misdemeanor. From this it would seem to be the logical result that to break and enter a mansion house in the night-time with intent to steal goods of less value than thirty dollars, is not, since the recent act, burglary; yet we think that the Legislature did not, by the recent act, contemplate a change of the law of burglary, as it is in no manner referred to; but at any rate the indictment charges that the breaking was with intent to commit a felony, to-wit, a larceny, and this, without more, ought to be sufficient, although the indictment goes on to charge that he did in fact steal four dollars worth of property, which would of itself be only a misdemeanor. This does not negative the idea that

the intent was to steal goods of greater value, though he in fact only stole goods of the value of four dollars.

The next ground is that the indictment contains two counts, one for a felony, the other for a misdemeanor, and this cannot be done.

·We do not think it would be proper to hold that under our recent act a defendant could not be charged in the same indictment with grand and petit larceny, or of other offenses of similar relation to each other, but in the present case we hold that the defendant without demurring or moving to quash, having been convicted only on the first count, cannot now object that the indictment contained another count for a misdemeanor upon which he has been acquitted. *Scruggs* v. *The State*, MS.

The next objection in the indictment charges that the offense was committed after the indictment was found. The indictment was found 5th of February, 1876, and charges that the offense was committed "heretofore, to-wit, the 22d of February, 1876."

The Code only requires that the offense be charged to have been committed previous to the finding of the indictment, no particular day being necessary to be alleged or proven where time is not an ingredient in the offense. Code, sec. 5124.

It is true it has been held that it must be distinctly alleged and not left to inference or construction—*King* v. *The State*, 3 Heis., but the language here is heretofore, to-wit, this certainly means before the finding of the indictment—it is true 22d of De-

-cember, 1876, is repugnant and an impossible date, in reality a mere mistake of the draftsman, and may be rejected, but we think the indictment good after ver-dict. There is no substance in the objections.

Judgment affirmed.