JAMES WHIM *v.* THE STATE.

(*Jackson.* April Term, 1906.)

INDICTMENT. Infirmity in, cured by verdict, when. Case in judgment.

The indictment charged 'the defendant with "maliciously" cutting and removing timber from the lands of another. There was a verdict of guilty, after which a motion in arrest of judgment was interposed upon the ground that the indictment failed to charge that the removal of the timber was "without the consent of the owner." *Held*: (1) the word "maliciously" imported that it was done without the consent of the owner; (2) proof that the act was committed "without the consent of the owner" was essential to sustain the averment that it was done maliciously, and therefore the infirmity alleged was cured by the verdict.

Acts cited and construed: 1897, ch. 106.

Cases cited and approved: Cannon v. Phillips, 2 Sneed, 211; Memphis, etc., Gas Co. v. Williamson, 9 Heisk., 314; Fowlkes v. State, 14 Lea, 14.

Cases cited and distinguished: Younger v. State, 37 Ark., 116; State v. Smalls, 17 S. C., 62.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County.—JOHN T. MOSS, Judge.

M. B. NORFLEET, for Whim.

ATTORNEY-GENERAL CATES, for the State.

---

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The plaintiff in error was convicted of "knowingly, willfully, and maliciously cutting and removing for the purpose of marketing timber from the lands of another, without the consent of the owner of the timber so cut and removed," in violation of the provisions of chapter 106, p. 257, of the Acts of 1897. The jury fixed the punishment of the prisoner at two years confinement in the State prison. He appealed, and has assigned errors. No part of the testimony has been preserved by the bill of exceptions, and the cause is here only upon the technical record, showing, among other things, the indictment, verdict of the jury, judgment of the court, etc.

Counsel for the prisoner insists that the judgment should be arrested, and the prisoner discharged, for the reason that the indictment fails to charge that the removal of the timber "was without the consent of the owner," which is an indispensable ingredient to constitute the crime charged by the statute. It deos not appear from the record that any motion was interposed on behalf of the prisoner either to quash the indictment or in arrest of judgment; but it will be conceded that, if no crime denounced by the act of 1897 is charged in the indictment, this court should not affirm the judgment.

It is conceded on the part of the State that while it would have been conformable to the better practice for the pleader to have averred in the indictment that the removal was without the consent of the owner of the timber, and that a motion to quash on that ground might have properly been entertained, yet after verdict it is too late to raise this question.

It is said in Bishop's New Criminal Procedure, secs. 1991-2: "On an indictment bad in substance, there should be no sentence, though there was no motion in arrest"—citing *Younger* v. *State,* 37 Ark., 116; *State* v. *Smalls,* 17 S. C., 62.

The same author, however, in the latest edition of his New Criminal Procedure (section 700a), says: "At common law, the verdict cures some things as to which the rule is the same in criminal cases as in civil. It is that, though a matter either of form or of substance is omitted from the allegation, or alleged imperfectly, yet if, under the pleadings, the proof of it was essential to the findings, it must be presumed, after verdict, to have been proved and the party cannot for the first time object that it has wrought him no harm."

Mr. Chitty, in treating of this subject in his work on Pleading (volume 1, p. 673), says: "The general principle upon which it depends appears to be that where there is any defect, imperfection, or omission in any pleading, whether in substance or in form, which would have been a fatal objection to the demurrer, yet if the issue be such as necessarily required in the trial proof

of the facts so defectively or imperfectly stated or·omit-
ted, and without which it is not to be presumed that
either the judge would direct the jury to give or the jury
would have given the verdict, such defect, imperfection,
or omission is cured by the verdict."

This rule was recognized and applied in *Cannon* v.
*Phillips*, 2 Sneed, 211, and in *Memphis Gayoso Gas Co.*
v. *J. M. Williamson et al.,* 9 Heisk., 314, and *Fowlkes* v.
*State,* 14 Lea, 14.

It will be observed, moreover, that the indictment
avers in the language of the statute that the removal
of the timber was done maliciously, which *ex vi termini*
imports that it was done without the consent of the
owner. It was necessary, moreover, in support of the
averment that the timber was maliciously removed, to
show by proof that the act was committed without the
consent of the owner. If, therefore, the indictment is
conceded to be defective, we are of opinion the infirmity
is cured by the verdict of the jury.

The judgment must therefore be affirmed.