## STATE *v.* GREEN.

### (*Jackson.*   April Term, 1914.)

**1. CRIMINAL LAW.   Trial.   Assessment of punishment.**

Const., art. 6, sec. 14, providing that no fine shall be laid in excess of $50 unless assessed by the jury, requires the assessment by the jury of the fine for an offense finable in excess of $50 at discretion, if it merits more than that amount, and it was error for the court to assess the fine for transporting intoxicating liquor in violation of Acts 1913 (2d Ex. Sess.), ch. 1, imposing a fine of $100 to $500 therefor. ( *Post, pp.* 621,622.)

Constitution cited and construed:   Art. 6, sec. 14.

Cases cited and approved:   France v. State, 85 Tenn., 478; Metzner v. State, 128 Tenn., 45; State v. Fleming, 26 Tenn., 152.

**2. CRIMINAL LAW.   Appeal and error.   Review.   Harmless error.   Sentence.**

Error in the court's assessing the fine for transporting intoxicating liquor in violation of Acts 1913 (2d Ex. Sess.), ch. 1, imposing a fine of $100 to $500 therefor, instead of submitting its amount to the jury, as required by Const. art. 6, sec. 14, was harmless, where the fine was made $100, as it could not be made less.   (*Post, pp.* 622, 623.)

**3. INDICTMENT AND INFORMATION.   Aider by verdict.   Description of offense.**

The uncertainty of an indictment charging the unlawful transportation of intoxicating liquors "from one point or county in this State to Tipton county" was made certain by proof that the initial point was in Shelby county, and was cured by the verdict of conviction. (*Post, pp.* 623, 624.)

---

### FROM TIPTON.

Error to Circuit Court, Tipton County.—S. J. EVERETT, Judge.

NAT TIPTON, for plaintiff in error.

WM. H. SWIGGART, JR., assistant attorney-general, for the State.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Plaintiff in error was indicted and convicted for unlawfully conveying, transporting, and carrying vinous, spirituous, malt, and other intoxicating liquors ''from one point in this State, or one county in this State, to Tipton county, for his own use in quantities larger than one gallon,'' as set out in the first count of the indictment, and for unlawfully transporting, carrying, and conveying vinous, spirituous, malt, and other intoxicating liquors ''from one point or county in this State to Tipton county, for the purpose of delivering to some person, whose name is to the grand jury unknown,'' as set out in the second count.

The evidence is that the plaintiff in error carried four gallons and one quart of whisky from Memphis to Tipton county; that one gallon of it was for his personal use, and the remainder, divided into four packages, was for friends who had requested him to bring the whisky to them on his return from Memphis. These friends had previously sent orders for the whisky to Memphis, and plaintiff in error carried no money to Memphis for them and had no connection with the sale of the whisky to those persons to whom he delivered it.

He was tried before the circuit judge without a jury, and was found guilty and fined $100 and costs. The conviction evidently was under the second count of the indictment, and the penalty provided for this offense by chapter 1 of the Acts of the Extra Session 1913 is a fine of not less than $100 nor more than $500 and imprisonment, at the discretion of the court, not less than thirty nor more than sixty days.

Two errors are assigned in this court: First, that the trial judge was without power to assess a fine of $100; and, second, that the trial judge erred in overruling the motion in arrest of judgment.

It is provided in section 14 of article 6 of the constitution that:

"No fine shall be laid on any citizen of this State that shall exceed $50, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than $50."

It was held in *France* v. *State,* 6 Baxt., 478, that the foregoing provision of the constitution had no application to fines exceeding $50, where the legislature had prescribed a fine of more than that amount, to wit, $500, and in the application of which the court had no discretion. The court said in that case that neither the court nor the jury had anything to do in assessing the fine, inasmuch as the law fixed $500 as a flat penalty, and as a consequence of the verdict.

In the case of *Metzner* v. *State,* 128 Tenn., 45, 157 S. W., 69, it was said that the provision of the constitu-

tion under consideration "withholds from the court or judge the right to inflict fines exceeding $50, and confers upon the jury exclusive power or jurisdiction to impose fines above that sum." That case also holds that inflicting fines exceeding $50 is "a matter of jurisdiction." In *Metzner* v. *State,* the statute authorized a fine of not less than $50 nor more than $500. In *France* v. *State,* the statute imposed a fine of $500. In this case the statute fixes the fine at not less than $100 nor more than $500. So this case is not exactly within the facts of either of the cases referred to. However, the principle recognized in both *France* v. *State* and *Metzner* v. *State* is that, if the offense of which the defendant is convicted is to be punished by fine which may exceed $50 at the discretion of the court and jury, the constitutional provision referred to requires that the jury must assess the fine, if the offense merits more than $50. In *France* v. *State,* the majority of the court seem to consider that the fine prescribed in the statute under consideration there was a legislative sentence against all who might be convicted of violating that law. But see *State* v. *Fleming,* 7 Humph., 152, 46 Am. Dec. 73. It was said in the *France case* that this provision of the constitution "refers to cases where the court has a discretion in fixing the amount of the fine."

It cannot be doubted that the amount of the fine to be imposed upon the plaintiff in error, within the minimum and maximum limits prescribed by the legislature, is within the discretion of the court and jury, and

the case would be controlled by the principles upon that subject stated in *Metzner* v. *State,* and evidently recognized in *France* v. *State.*  However, the trial judge, in fixing the fine, fixed it at the minimum sum of $100.  This is the least sum that the jury could have imposed upon plaintiff in error had the question of the amount of the fine to be inflicted been submitted to a jury.  While it was error for the court to assess the fine without submitting the question of its amount to the jury, it is not reversible error, because he exercised his assumed power for the benefit of the plaintiff in error.

We cannot reduce the fine to the sum of $50, because the legislature has fixed the minimum fine at $100.  It would be useless to reverse and remand the case, with directions to submit the question of the amount of the fine to a jury, because the jury could not reduce it to less than $100.  This assignment of error is overruled.

It is next assigned as error that the trial judge erred in overruling the motion in arrest of judgment.  The point made is that the indictment fails to charge that the initial point from which the plaintiff in error started with his cargo of intoxicating liquors was beyond the limits of Tipton county.  The language of the indictment is:  ''From one point or county in this State to Tipton county.''  We think this criticism is cured by the verdict.  The proof shows definitely the initial point at which plaintiff in error received his cargo of intoxicants to have been in Shelby county, and

that he carried the whisky from Shelby county into Tipton county. Thus the uncertainty of the indictment is made certain by the proof, and the motion in arrest was properly overruled.

Judgment affirmed.