---
Pope v. State.
---

# W. R. POPE v. THE STATE.

## (*Nashville*.   December Term, 1923.)

1. CRIMINAL LAW. On appeal upon technical record alone, presumption of guilt obtained.

On appeal from a conviction on the technical record alone, the presumption of guilt obtains. (*Post, p.* 178.)

2. INDICTMENT AND INFORMATION. Indictment must sufficiently describe offense.

An indictment must allege sufficient facts to reasonably identify the transaction for which defendant is being prosecuted, not only that he may know whereof he is accused, but to preclude a second prosecution for the same offense. (*Post, pp.* 178, 179.)

3. INTOXICATING LIQUORS. Indictment for transportation held sufficient.

An indictment charging transportation of intoxicating liquor "from one. place to another" *held* sufficient; the proposition that such transportation means transportation from one premise to another, being the result of construction, is not required to be pleaded, nor does the amendment of Act 1917 (Acts 1923, chapter 2), making transportation of certain quantities a felony, change the principle or constitute a fact vital to the accusation which was formerly merely a matter of discretion. (*Post, p.* 179.)

Cases cited and approved: Kizer v. State, 140 Tenn., 594; Rugg v. State, 141 Tenn., 362;  State v. Crockett, 137 Tenn., 682; Wehunt v. State, 136 Tenn., 223;  State v. Witherspoon, 115 Tenn., 147;  Smartt and Carson v. State, 112 Tenn., 539;  Daniel v. State, 50 Tenn., 257;  Lewis y. State, 50 Tenn., 333;  Pearce v. State, 33 Tenn., 67.

4. INDICTMENT AND INFORMATION. Defect cured by verdict.
Where defendant pleads to an indictment and goes to trial upon

Pope v. State.

the merits, a defect of the indictment is cured by the verdict. (*Post, pp.* 179, 180.)

Acts cited and construed: Acts 1917, ch. 12; Acts 1923, ch. 2.

Cases cited and approved: State v. Green, 129 Tenn., 619; Freeman v. State, 118 Tenn., 95; Whim v. State, 117 Tenn., 94.

5. **CRIMINAL LAW.** Judgment not prescribing minimum term will be cured on appeal.

Where a verdict fixes only the maximum term of imprisonment, a judgment following same will be corrected on appeal to make it disclose the minimum term. (*Post, p.* 180.)

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County. —Hon. FLOYD ESTILL, Judge.

SHEPHERD & CARDEN, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

W. R. Pope, plaintiff in error, has appealed to this court from a judgment convicting him of transporting more than one gallon of intoxicating liquor.

The pertinent part of the indictment, which is the basis of the errors assigned, is as follows:

"That W. R. Pope heretofore on the 22d day of May, 1923, in the county aforesaid, did unlawfully and feloniously transport intoxicating liquor in quantities of one gallon or more, from one place to another against the peace and dignity of the State."

149 Tenn.—12.

We have before us only the technical record, and the presumption of guilt obtains:

The errors assigned question the action of the court in overruling the motion in arrest of judgment; said motion being as follows:

"The defendant moves the court to arrest judgment in this case for the following reasons:

"(1) The indictment does not charge any offense.

"(2) The allegations of the indictment are uncertain and indefinite and insufficient to convey notice of the offense charged.

"(3) The allegations of the indictment are too uncertain and indefinite in failing to designate character and quantity of intoxicating liquor.

"(4) The allegations of the indictment are too uncertain and indefinite in failing to designate or in any wise indicate the place from which and to which and where the liquor in question was being transported.

"(5) The allegations of the indictment are too uncertain and indefinite in failing to allege the purpose of such transportation.

"Wherefore defendant prays judgment, that the judgment in this case be arrested."

While the indictment is in accord with the general provisions of the transportation statute, it is insisted that it fails to particularly describe the offense, or to give any facts by which the act complained of could be identified. The rule invoked is that there must be sufficient facts alleged to reasonably identify the special transaction upon which the defendant is being prosecuted, not only that he may know whereof he is accused and may prepare his de-

fense, but also in case of a subsequent prosecution it may be made to appear whether he was prosecuted twice for the same offense.

It is also insisted that the indictment does not charge any offense because it only says "from one place to another," which is no offense unless transported from one premises to another premises, as was held in *Kizer* v. *State,* 140 Tenn., 594, 205 S. W., 423.

Counsel for the plaintiff in error cite in support of their contention the following decisions of this court: *Rugg* v. *State,* 141 Tenn., 362, 210 S. W., 630; *State* v. *Crockett,* 137 Tenn., 682, 195 S. W., 583; *Wehunt* v. *State,* 136 Tenn., 223, 188 S. W., 939; *State* v. *Witherspoon,* 115 Tenn., 147, 90 S. W., 852; *Smartt* and *Carson* v. *State,* 112 Tenn., 539, 80 S. W., 586; *Daniel* v. *State,* 3 Heisk., 257; *Lewis* v. *State,* 3 Heisk., 333; *Pearce* v. *State,* 1 Sneed, 67, 60 Am. Dec., 135.

In all of the foregoing cases, except the two last named, a motion to quash was sustained for want of a sufficient description of the offense, but the defendants were held until sufficient indictments could be returned.

In the two last-named cases motions in arrest for insufficient description were sustained, but the rule of law, which we will now refer to, was not invoked, and that is that where the defendant pleads to the indictment and goes to trial upon the merits, the defect is cured by the verdict. *State* v. *Green,* 129 Tenn., 619, 167 S. W., 867; *Freeman* v. *State,* 118 Tenn., 95, 100 S. W., 723; *Whim* v. *State,* 117 Tenn., 94, 94 S. W., 674.

It is conceded by the attorney-general that, if the attack on the indictment had been made by motion to quash prior

Pope v. State.

to the entry of a plea to the merits, the plaintiff in error would have been entitled to a more particular description of the acts charged to have been committed by him constituting the offense.

It was held by this court, in *Kizer* v. *State,* supra, that the designation of the places of origin and termination of the illegal transportation is a matter of description and not a matter vital to the accusation; also that it is proper for the grand jurors to state in the indictment that the place of origin of the transportation was unknown to them.

The proposition that transportation from one place to another, denounced by the statute, means transportation from one premises to another, is a result of construction, not an express statutory declaration, and need not be pleaded.

That Act 1917, chapter 12, has been amended (Acts 1923, chapter 2) so as to make the transportation of certain quantities of liquor from one place to another a felony, does not change the principle, nor constitute a fact vital to the accusation which before the amendment was merely a matter of description.

The jury fixed the maximum term of imprisonment of the plaintiff in error at confinement in the penitentiary for a term of not more than two years. The attorney-general suggests that the judgment should be corrected so as to provide that the plaintiff in error be confined in the penitentiary for a term of not less than one year and one day, nor more than two years. It is so ordered.

With this modification, the judgment of the lower court will be affirmed.