STATE *ex rel.* SCROGGINS, *v.* D. B. RICE, SHERIFF.

(*Jackson.*   April Term, 1929.)

Opinion filed July 20, 1929.

474

Sherrod Smith, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Swiggart, delivered the opinion of the Court.

The plaintiff in error seeks his release from the custody of the Sheriff of Tipton County by the writ of *habeas corpus*. He is held by authority of a final judgment of conviction for misdemeanor. He contends that the judgment of conviction is void because the indictment supporting it is void; rendered so because it fails to conclude with the words: "against the peace and dignity of the state."

The Constitution, article VI, section 12, requires that every indictment shall be concluded with these words; that is, that the offense described therein shall be charged to have been committed against the peace and dignity of the state, characterizing it as a public wrong, an offense against the power and authority of the sovereign, and not a mere trespass on individual rights.

The constitutional requirement has served a twofold purpose. It put an end to an earlier formalism which involved the draftsman of an indictment in doubt and perplexity as to the proper language to be employed in charging the commission of a crime. It has served to emphasize, and therefore to preserve, the conception of a crime as an offense against the public, and a public prosecution as a proceeding for the protection of the state and not a proceeding to avenge a private wrong.

The prosecution of the plaintiff in error in the criminal court was regular in every particular save in the one formality. The indictment was signed by the public prosecutor, the representative of the State. The plaintiff in error treated it as a valid accusation of crime by pleading not guilty, and after his conviction, invoked

the jurisdiction of this court to set aside the conviction and grant him a new trial. It was not until after final judgment had been rendered, and execution had been ordered to issue, that he complained, by this petition for the writ of *habeas corpus,* that the formal defect in the indictment rendered it void, so that the criminal court had no jurisdiction of the offense nor of his person.

■ In *Rice* v. *State,* 50 Tenn. (3 Heisk.), 215, the case was before the court on appeal in error from a judgment of conviction. An attack was made upon the indictment for failure to conclude as required by the constitution. The indictment was held sufficient, the requisite conclusion at the end of the second count being held to relate to the preceding count. The effect of failure to comply with the constitutional requirement was, therefore, not necessary to the decision of the court. However, the court there said that an indictment without the conclusion required by the constitution is a nullity, not amounting to an accusation of crime, and that the accused may not waive his rights in this respect.

■ In so far as the rights of the accused are concerned, the concluding words of an indictment, "against the peace and dignity of the state," have no effect save to inform him that the act with which he is charged was a violation of a penal law of the state, which is a conclusion of law essential to a conviction. It is difficult to conceive of prejudice resulting to a defendant from the omission of these words, the indictment and trial being regular in every other respect.

■ *Whim* v. *State,* 117 Tenn., 94, and *Freeman* v. *State,* 118 Tenn., 95, are authority for the proposition that, although a matter either of form or of substance is

omitted from the allegation, yet if, under the pleadings, the proof of it was essential to the findings, it must be presumed, after verdict, to have been proved, and the omission is cured by the verdict.

It is not necessary now to determine whether the principle just stated should be applied to save an indictment not in compliance with the constitutional requirement, if objection is made before the termination of the prosecution but after verdict. Here the objection is made for the first time in a separate proceeding and while final judgment was in process of being executed.

The final judgment, under which the plaintiff in error is held by the sheriff, recited the truth of the facts stated in the indictment, and these facts constitute an offense against the peace and dignity of the state, the court judicially knowing the law applicable thereto. The minutes of the criminal court show that the trial was conducted as a public prosecution by the official representative of the State. It is our opinion and conclusion therefore that the omission of the formal conclusion from the indictment must be held to have been supplied by the judgment rendered, on the verdict of the jury, after a trial otherwise regular. In this we think the spirit and purpose of the constitutional requirement are observed, in keeping with the often expressed aim of courts to "escape from the embarrassments of technicalities that tend to defeat law and right." *Givens* v. *State,* 103 Tenn., 650.

The judgment of the trial court dismissing the petition for the writ of *habeas corpus* is accordingly affirmed.