H. M. Mathis and R. H. McCoy *v.* The State.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

CARL GRAVES, for Mathis.

G. M. KLEPPER and RALPH DAVIS, for McCoy.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiffs in error, Mathis and McCoy, have appealed from a joint conviction for misdemeanor.

The offense of which the plaintiffs in error stand convicted is defined by the Public Acts of 1919, chapter 50, sections 1, 2, 3, and 15. By the first three sections of this Act it is made the duty of deputy sheriffs, constables, and policemen, taking into their possession any intoxicating liquors, to file a written statement, showing the kind and quantity, with the clerk of the circuit or criminal court, and to deliver the liquors to the sheriff for safekeeping, both said report and delivery to be made within five days after taking possession of the liquors. The violation of any of the provisions of the Act is made a misdemeanor, punished by fine or imprisonment, or by both; and it is provided that the officer convicted "shall forfeit his office and shall be ineligible to reappointment or reelection to same for a period of five years."

The plaintiffs in error are charged in two counts with failing to file the report with the clerk of the criminal court, and with failing to deliver to the sheriff a quantity of intoxicating liquors taken into their possession. The judgment rendered by the criminal court assessed a fine of $250 against Mathis, a fine of $100 against McCoy, and sentenced both to the county workhouse for thirty days. The judgment further provided that "they be disqualified from holding the same office for the period of five years."

Separate motions for a new trial made by the plaintiffs in error in the trial court presented only their contention that the evidence was insufficient to establish their guilt, with the additional contention on behalf of McCoy that he was convicted upon the unsupported testimony of his codefendant, who was an accomplice.

Assignments of error on the failure of the trial judge to grant a new trial are limited to the questions made by the motion for a new trial, and other assignments of error of a technical nature appearing on the brief need not be noticed.

We think the guilt of each of the plaintiffs in error is clearly established by the evidence, and see no necessity for discussing the testimony in detail. The testimony of the plaintiffs in error is a mass of unreasonable and contradictory statements of a self-serving nature which the verdict and judgment of the trial court have conclusively impeached.

The direct evidence shows the acquisition by Mathis, in his official capacity as a constable for Shelby County, of a quantity of whisky variously estimated at from 300 gallons to 700 gallons. Three persons from whom the whisky was taken were permitted to escape, with no lucid or satisfactory explanation offered by Mathis. The cir-

cumstances indicate a desire on his part to conceal essential steps in the transaction, and the jury were clearly justified in an inference that he corruptly permitted the three persons to escape with the whisky.

McCoy admittedly summoned a wrecker to enable Mathis to carry the disabled truck, with the whisky, from the place where it was taken from the persons in possession of it. He admitted a close friendship with Mathis. He was a deputy sheriff, and having left his home in the middle of the night, at the summons of his friend, he claims to have left him in charge of the whisky and three prisoners, rendering no further aid than the summoning of the wrecker. This was aid which any bystander could have performed, without the necessity of calling McCoy from his home and bed. Guilty connection of McCoy could have been reasonably inferred by the jury from his presence and participation in getting the wrecker, if no satisfactory explanation were offered. The explanation given was unreasonable on its face, and, we think, wholly unsatisfactory. We reach this conclusion without the necessity of reference to the testimony of one of the assistants to the attorney-general that McCoy admitted he was with Mathis throughout the transaction, an admission which wholly destroys the contention that the conviction is upon the uncorroborated testimony of Mathis that McCoy was with him throughout.

It is our conclusion that the evidence abundantly supports the conviction, and the assignments of error which go to the motion for a new trial are accordingly overruled.

The indictment charges that the plaintiffs in error, describing them only by name, failed to deliver the intoxicating liquors, taken into their possession, to the

sheriff "in violation of chapter fifty (50) of the Public Acts of Tennessee of 1919." This reference to chapter 50 of the Acts of 1919 is made in the same way in the second count, which charges that the plaintiffs in error failed to report their possession of the intoxicating liquors to the clerk of the criminal court.

Motions in arrest of judgment were made for the plaintiffs in error on the ground that neither count of the indictment charged that the plaintiffs in error, or either of them, were officers. On this ground it was urged that no offense was charged in either count. The statute, as hereinabove stated, prescribes the penalty against any person who at the time of default was a deputy sheriff, constable, or policeman.

This defect in the indictment was not called to the attention of the trial judge, by demurrer or motion, or in any other way, until after conviction, and after the motion for a new trial had been overruled. The attorneys for the plaintiffs in error who appeared for them on the trial had their attention called to the materiality of the official status of the two plaintiffs in error, since they were asked to stipulate, and did stipulate, that at the time charged in the indictment Mathis was a duly elected and qualified constable of Shelby County, and that McCoy was a duly appointed and acting deputy sheriff.

We think the reference to the particular statute in the indictment was an imperfect and defective charge that the things charged against the plaintiffs in error were done by them as officers of the classes specified in the act. A motion to quash or a demurrer would have been good, on account of the indefiniteness of the averment of official position, a material averment under the statute. We are further of opinion, however, that this defect in

the indictment was one which was cured by the verdict, no objection having theretofore been entered.

In *Whim* v. *State,* 117 Tenn., 94, 96-97, this Court quoted approvingly from Chitty on Pleading, as follows: "The general principle upon which it depends appears to be that where there is any defect, imperfection, or omission in any pleading, whether in substance or in form, which would have been a fatal objection to the demurrer, yet if the issue be such as necessarily required in the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict."

The application of this rule to the case before us is obvious. No prejudice could have resulted to the plaintiffs in error from the failure of the indictment to specify which of the three classes of offices specified in the statute was held by each of them, and without proof of their official status there could have been no conviction. The defect of the indictment was therefore cured or supplied by the verdict, and the motions in arrest of judgment were therefore properly overruled.

The judgment will be affirmed.