BLACKMAN *et al. v.* STATE.

(*Jackson,* April Term, 1935.)

Opinion filed June 29, 1935.

HUNTER WILSON, of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Blackman, one of the plaintiffs in error, was convicted in five cases about the same time, four of the indictments charging robbery and the other attempt at robbery. Koen was his codefendant, and was convicted in one of the robbery cases. No bills of exceptions were preserved, and the appeal is altogether on the technical records. Error is assigned on the action of the trial judge (1) in overruling a motion in arrest of judgment made in the attempt at robbery case, and (2) an alleged abuse by the trial judge of his discretion in refusing to provide

that the prison terms in the various cases should run concurrently.

In this court counsel challenge the sufficiency of the indictment on the ground (1) that it does not charge that the property attempted to be robbed had value, or what value; and (2) that the indictment contains no charge of an overt act, descriptive of the assault.

Looking to the indictment, we find that it is general in its terms, charging that the accused "did unlawfully, feloniously, violently and forcibly make an assault on the person of Mrs. Ada R. Rye and putting her in great danger and bodily fear of her life, and did then and there unlawfully and feloniously and with force and violence aforesaid attempt to steal, take and carry away from the person of Mrs. Ada R. Rye, her personal property of the proper goods and chattels of Mrs. Ada R. Rye with intent, etc."

 Looking to the motion interposed below, set forth on page 18 of the transcript, it appears that the sole ground therein set forth for the arrest of judgment was in the following words: "That the indictment fails to charge any offense in that it fails to charge that the property the defendant is alleged to have attempted to rob the prosecutor of is of any value, and that any judgment entered thereon would be null and void." This being the sole question made by the motion below, consideration of the challenge made of the indictment must be so confined here. In the first place, it must be borne in mind that this is an indictment charging an attempt to commit a robbery. Of course, until a robbery has been committed, it would be impossible to designate with accuracy the property involved, or its value. A bandit assaults one with a pistol and demands whatever of

value he may possess, thus attempting to rob him of whatever property of value he may have upon his person. We are unable to hold it essential to the validity of an indictment charging such an attempt to rob that specifications should be contained in the indictment as to what the assaulted person possessed. We have a number of cases which apparently recognize the distinctive principle suggested. For example, *Hayes* v. *State,* 15 Lea (83 Tenn.), 64, 65. After all, adequate notice to the accused is the underlying essential purpose of any specifications touching the crime set forth in the indictment, and it is impossible to conceive how details as to property value could be of any assistance whatever to an accused in preparing his defense under an indictment charging an attempt at robbery from the person, naming the person.

■ ■ But however this may be, we are of opinion that the Attorney-General has submitted a sufficient answer to this complaint when he calls attention to the rules (1) that objections to the form of indictments are generally waived by going to trial without calling the attention of the trial judge to them, citing *Stevenson* v. *State,* 5 Baxt. (64 Tenn.), 681, 683; *Palmer* v. *State,* 121 Tenn., 465, 490, 118 S. W., 1022, and other cases; and (2) that such defects as are here relied upon will be cured by proof and verdict, citing *State* v. *Green,* 129 Tenn., 619, 167 S. W., 867; *Mathis* v. *State,* 164 Tenn., 81, 46 S. W. (2d), 44, and as correctly observed, there being no bill of exceptions in the present case, it must be conclusively presumed that the evidence in the case supplied all the necessary facts.

■ Certainly it does not affirmatively appear that any injustice whatever resulted to the defendant below

from the alleged defect in the indictment on which he seeks now to rely for a reversal, and in this situation, Code, section 10654 (Pub. Acts 1911, ch. 32), expressly forbids a reversal in any criminal case for error in acting on any indictment, or for any error in any procedure in the cause unless it affirmatively appears that the error complained of has affected the results of the trial.

With respect to the complaint here strenuously urged, directed to the failure of the trial judge to provide that these sentences should run concurrently, while it is true, as urged, that this court has jurisdiction by express statute to review the discretion of the trial judge in this particular, it is impossible for this court to do so intelligently on the technical record alone. Earnest counsel has incorporated in his brief and argument many details of fact of which this court is unable to take cognizance. This court must presume that the trial court had good reason to follow the course he did pursue with respect to these confessed criminals, apparently guilty of repeated robberies. So far as this court knows these robberies may have been attended with violence and by the use of deadly weapons. More than that, so far as this court knows, the accused may have had previous criminal records, as we are unable, as already stated, to look to the argument of counsel on the facts not shown in the record before us.

If these boys are not of the confirmed criminal class, and if they make for themselves exemplary prison records, there should be no difficulty in securing in time executive clemency; but this court can discover no reversible error, and the judgments must be affirmed.