Erby *v.* State.

*(Knoxville,* September Term, 1944.)

Opinion filed December 2, 1944.

Francis W. Headman and Hobart F. Atkins, both of Knoxville, for defendant.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Special Justice Webb delivered the opinion of the Court.

The defendant below, James Erby, has appealed to this Court from a judgment convicting him of transporting more than one gallon of intoxicating liquor in Knox County, and his punishment was fixed at imprisonment in the State penitentiary for not less than one year and a day nor more than two years, and that he pays all the costs of the prosecution.

The first assignment is:

"Because the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant."

The evidence, if admissible, clearly preponderates in favor of the guilt of the defendant. He did not testify. The State introduced seven witnesses all of whom corroborated the fact that defendant had a load of considerably more than one gallon of liquor.

Ben Osborne, a deputy sheriff, testified that he was sitting in a restaurant about half a block from where an accident occurred. Defendant came to the restaurant and asked Osborne if he could help him with his wrecked car. Osborne, using his car, drove defendant from the restaurant to the scene of the wreck. As he approached the wrecked car Erby volunteered the statement, not knowing that he was a deputy sheriff, that he had a load of whisky. Osborne testified that when he got to the car whisky was dripping from the back compartment, and it smelled like a brewery. He asked defendant to open the back compartment, which he voluntarily did, and told the deputy sheriff it was his whisky. Osborne then arrested him.

The defendant told the operator of the bus, with which he had previously collided, when the operator was making out a report of the accident, that it was his car.

The first assignment is overruled.

■ ■ The second and third assignments raise the question of the legality of the search made by the deputy sheriff, claiming that it was on suspicion and without a warrant.

We are of opinion that the arrest was not the result of suspicion, but of actual knowledge that an offense was being committed. The facts constituting the offense were within the knowledge of the officer and were revealed in his presence. The officer went to the car at the request of the defendant, and the whisky was leaking from the car. So the officer not only saw it but smelled it. De-

fendant was trying to get help from this officer to continue his transporting from the scene of the wreck and thereby further breach the peace. Therefore the officer was warranted in placing him under arrest. Defendant voluntarily opened the back compartment without any coercion or threat. The evidence thus obtained was admissible. The search was legal, both because it followed a legal arrest and because it followed a voluntary disclosure by the accused. *Dittberner* v. *State,* 155 Tenn. 102, 291 S. W. 839; *Elliott et ux.* v. *State,* 173 Tenn. 203, 116 S. W. (2d) 1009; *Stone* v. *State,* 161 Tenn. 290, 30 S. W. (2d) 247; *Hughes* v. *State,* 145 Tenn. 544, 571, 238 S. W. 588, 20 A. L. R. 639.

The fourth assignment of error is:

"Because the indictment does not charge unlawfully and feloniously that the act was committed. In order to charge a felony, the thing charged must have been done feloniously, which means that the act proceeded from a criminal intent and evil purpose and excludes all color of right and excuse for the act."

The defendant was indicted for violating section 11218 of the Code, which is as follows:

"It shall be unlawful for any person personally to transport into this state, or from one point to another within the state, for personal use or for any other purpose, intoxicating liquors, including wine, ale and beer, in any quantity whatever; provided that if the intoxicating liquor so transported shall be in the quantity of one gallon or more, the offense shall be a felony punishable by imprisonment in the penitentiary for a term of not less than one year and one day and not more than five years."

The indictment charged that the defendant "on the — day of December, 1943 in the County aforesaid, unlawfully did personally transport certain intoxicating liquors,

to-wit: One gallon or more into the State of Tennessee and into the County of Knox, State of Tennessee, from some place beyond the limits of the State of Tennessee to the Grand Jurors unknown. And the Grand Jurors aforesaid, upon their oath aforesaid, do further present that the said James Erby of said County, heretofore, to-wit: on the day and year aforesaid unlawfully did personally transport certain intoxicating liquors, to-wit: One gallon or more from one point to another within the State of Tennessee, to-wit: from a certain point in the County of Knox, State of Tennessee, to another point in the County of Knox, State of Tennessee, to the Grand Jurors unknown, against the peace and dignity of the State of Tennessee.''

The indictment did not use the word ''feloniously'' but described the offense in the language of the statute by the use of the words ''unlawfully did personally transport certain intoxicating liquors, to-wit: One gallon or more from one point to another within the State of Tennessee, to-wit: from a certain point in the County of Knox, State of Tennessee, to another point in the County of Knox, State of Tennessee,'' which is to all intents and purposes the language of the statute.

The statute further provides that such an offense of transporting one gallon or more ''shall be a felony punishable by imprisonment,'' etc. Declaring it a felony is merely a statement of the grade of the offense and is not descriptive of any particular offense. If the defendant transported one gallon or more unlawfully, as provided by the statute, he has been guilty of the offense and has therefore committed a felony.

We therefore hold that the use of the word ''feloniously'' or ''felony'' was not a necessary part of the indictment. The word felony is the result if the offense is

committed. The indictment has charged the defendant with all of the acts within the statutory definition.

In the case of *Wilson* v. *State*, 103 Tenn. 87, 89, 52 S. W. 869, 870, the Court quoted with approval from Wharton on Criminal P. & P., sec. 220, as follows: "Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute, and for this purpose it is essential that these words should be used. In such cases the defendant must be specially brought within all of the material words of the statute, and nothing can be taken by intendment."

And on the same page the Court further quoted with approval from Bishop's New Criminal Procedure, vol. 1, sec. 611, subsec. 2, the following: "Where the offense is statutory, the indictment should follow the statute. To the extent that the statute defines the offense, not less is admissible; the indictment must charge the defendant with all of the acts within the statutory definition."

The above quotation was later approved by the Court in *State* v. *Willis*, 130 Tenn. 412, 421, 170 S. W. 1032.

In *Jordan* v. *State*, 156 Tenn. 509, 514, 515, 3 S. W. (2d) 159, 160, the Court said:

"The description of a statutory offense in the words of the statute is sufficient, and renders the indictment sufficiently certain, if it gives to the defendant notice of the nature of the charge against him. . . .

"The indictment in this case is in the language of the statute, and charges that the defendant did on April 12, 1925, 'personally transport certain intoxicating liquors, to wit, whisky, in quantity more than one gallon, from one point to another within the state of Tennessee, to wit, from a certain point in the county of Giles, state of Tennessee, to another certain point in the county of Giles,

state of Tennessee, against the peace and dignity of the state.' . . .

"We are further of the opinion that the language quoted above states facts and not mere conclusions of law. The indictment charges the defendant with personally transporting more than one gallon of whisky from one point to another point in Giles county on a certain date. If he did that, he was unquestionably guilty of having violated the statute."

"In their ordinary acceptation, the words ' "unlawfully," willfully, and knowingly,' when applied to an act or thing done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing." 43 Words and Phrases, Permanent Ed., 298.

The record discloses that upon hearing the indictment read the defendant plead that he was not guilty. There are a number of decisions in our State holding that "where the defendant pleads to the indictment and goes to trial upon the merits, the defect is cured by the verdict." *Pope* v. *State*, 149 Tenn. 176, 179, 258 S. W. 775, 776, citing other authorities.

The fifth assignment of error is:

"Because the Court erroneously failed to dismiss the State's action at the conclusion of the State's testimony upon motion made by attorneys for the defendant. The State failed to show jurisdiction in this case under the provision of Section 11223, of the Code of Tennessee, which section specifically sets forth the venue and the jurisdiction as to offenses committed under Article IV, of Chapter 10 of the Code of Tennessee."

We overrule the fifth assignment of error as the record discloses conclusively that the intoxicating liquor was in Knox County and was being transported by the defendant

654

in Knox County when his car struck the bus which brought it to a halt.

Section 11223 of the Code provides:

"The circuit and criminal courts held in the county to which shipments are made, or in which deliveries of any intoxicants are made, shall have jurisdiction to indict and try violators of this article."

The judgment of the lower court is therefore affirmed.

GREEN, C. J., and CHAMBLISS and NEIL, JJ., concur.