## CAMPHOR *v.* STATE

[No. 147, September Term, 1963.]

*Decided December 17, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Nelson R. Kandel* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Jacques E. Leeds, Assistant Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Edward G. Wyatt, Assistant State's Attorney,* for the appellee.

PER CURIAM.

Camphor and Hawkins were indicted for the grand larceny of a sewing machine. Hawkins pleaded guilty, but Camphor stood trial before the court without a jury, was convicted, and appeals. The only points raised are the sufficiency of the evidence to show participation by Camphor and to show the value of the article taken.

According to the testimony of two store detectives, Camphor and Hawkins arrived on the scene in an automobile; they parked outside and entered the store together. Camphor distracted the attention of the salesman, and signaled to Hawkins when he thought the coast was clear. When Hawkins had succeeded in removing the machine to another location, both men left the store at a favorable moment, Hawkins carrying the machine. But they had been followed throughout by the store detectives. We think it was a permissible inference that they acted in concert and that Camphor was at least a principal in the second degree. *Vincent v. State,* 220 Md. 232, 239.

On the point of value, a price tag was offered in evidence over objection, after one of the detectives had testified that the tag "came off that sewing machine" (also offered in evidence)

and that it had been recovered from Hawkins' pocket. The trial court said: "I'll let it in as to Hawkins." For the reasons stated in *Lauder v. State,* 233 Md. 142, we think the tag was admissible. There was no occasion to admit it as to Hawkins, who had pleaded guilty. In any event, the witness had previously testified, without objection, that the sewing machine was worth "$109.00 even and the case $9.95, for a total of $119.00 [sic]." We think this evidence was sufficient.

*Judgment affirmed.*