**People of the State of Illinois, Plaintiff-Appellee, v. Leonard L. Davis, Defendant-Appellant.**

**Gen. No. 51,494.**

First District, Third Division.

April 4, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

About 2:00 p. m. on October 7, 1965, four men entered the Carson Pirie Scott & Company store at 71st Street and Cicero Avenue in Bedford Park. After looking around to see if anyone was watching each man took an armful of coats from the merchandise racks on the first floor and walked out the door. The supervisor of the store detectives, who was sitting in an upstairs lookout 15 feet from the coats, saw what they did and followed them into the store's parking lot. They did not stop when he told them to and he fired his gun in the air. Two men dropped the coats they were carrying and ran. The other two stopped, cried "don't shoot" and were taken into custody by the detective. One of these was the defendant Leonard Davis.

An off-duty Chicago policeman heard the shot as he was driving by. He stopped his car and arrested the two men who were running away. The four men and all the coats were brought into the store. The detective counted the coats, added up their sales tags and determined that their value was $800. He told the men that they would be charged with "grand theft." Davis asked him to reduce the charge to petty larceny.

The men were indicted for theft. Three pleaded guilty; two received sentences of one to five years and the third a sentence of one to ten years in the penitentiary. Davis pleaded not guilty. He was tried by a jury and convicted. He was sentenced to a term of four to ten years in the penitentiary.

His contentions on appeal are that there was a reasonable doubt of his guilt and that there was a reason-

87

able doubt that the stolen property was worth more than $150.

Davis did not testify in his own behalf but his codefendants did. Each of them testified that Davis was not with them when the coats were stolen—that the fourth man was Robert Baker. They said that they entered the store, saw that the clerks were in the back of the store watching television (a world series baseball game was being televised), took a few coats, then returned and took some more.

If their testimony was truthful, Davis was innocent; if the testimony of the store detective was correct, Davis was guilty. The jury chose to believe the detective who said he caught Davis red-handed, rather than the thieves who said he was not their accomplice. This is not surprising. The detective observed the four men for a minute and a half; he saw their faces and he pursued them; three of the four admitted by their pleas of guilty that he was right in his identification. He apprehended two of the men himself. These two had not gone far—they were stopped a minute or two after leaving the store—and they were carrying some of the stolen coats. One of the two was Davis. Although his associates tried to exculpate him after they themselves had been sentenced, they did not do so at the time of his arrest. Not one of them said that Davis was not a participant; not one of them said that he was an innocent bystander unknown to them. And, so far as that goes, neither did Davis. His guilt was proved beyond any doubt.

In his argument to the jury Davis' counsel contended that the State had failed to prove that the stolen goods was over the value of $150. He told the jury that this was important because of the effect it would have upon Davis' punishment in the event they found him guilty. He pointed out that only the detective had testified as to value and that his duties were far afield from

those of a manager, buyer or merchandiser; that the coats were not in court and there had been no testimony as to their number or whether they were mink coats or raincoats. The same arguments are made in this appeal.

The indictment charged Davis and the others with the theft of 26 coats and 4 sweaters of the value of more than $150. The coats were not produced in court but a picture of them taken at the police station immediately after the theft was introduced into evidence and shown to the jury. The jurors knew what kind of coats were involved. The evidence showed that price tags were attached to the coats. The supervising detective, who had worked for Carsons for 13 years and who testified that he was familiar with the store's merchandise both as detective and customer, inventoried the coats and tabulated the sales tags. He testified that the sales price was $800. The jury found Davis guilty of theft in manner and form as charged in the indictment. By this verdict they found that 26 coats and 4 sweaters had been stolen and that their total value was in excess of $150. The jury's verdict was based on evidence and testimony which established the value of the merchandise beyond a reasonable doubt.

The judgment is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.