Lenzie **NORRIS**, Plaintiff in Error,

v.

**STATE** of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Oct. 26, 1971.

Certiorari Denied by Supreme Court Jan. 3, 1972.

Hugh W. Stanton, Jr., John P. Colton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Raymond S. Clift, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff-in-error, under the State's proof, was caught shoplifting a portable television set. After an altercation with two security officers during which he struck them and ran, he was apprehended after hot pursuit and subdued. He has appealed his conviction under T.C.A. § 39–4235 for shoplifting merchandise of a value over one hundred dollars ($100.00) and punishment of not less nor more than three (3) years in the penitentiary.

The State's proof clearly establishes the corpus delicti and Norris' guilt, and those assignments going to the legal sufficiency of the convicting evidence are overruled.

Error is assigned upon the wording of the indictment. It is said:

"The indictment was ambiguous and incomplete in that it did not state a complete cause of action against the Defendant in not giving him sufficient knowledge as to what he was being accused of."

In other assignments it is contended that error was committed by the trial court in "denying Defendant's Motion to Quash the Indictment", because it didn't identify the article or articles stolen, nor state a precise value thereof, or afford the defendant an opportunity to know what he was accused of taking so that he could ascertain precise value.

Neither the bill of exceptions nor technical record reflect a motion to quash the indictment. Since, however, a judgment based upon a wholly void indictment cannot stand, we have examined this indictment in that light, to determine if it is sufficiently certain to describe a proscribed offense.

T.C.A. § 39–4235 reads, in pertinent part:

"Shoplifting—Penalty.—Any person who shall willfully take possession of any goods, wares or merchandise not exceeding the value of one hundred dollars ($100.00) offered for sale by any store or other mercantile establishment with the intention of converting the same to his own use without paying the purchase price thereof, shall be guilty of the offense of shoplifting * * *."

\* \* \* \* \* \*

"Any person found guilty of shoplifting goods, wares or merchandise over the

value of one hundred dollars ($100.00) shall be punished as in the case of grand larceny."

The indictment in the case sub judice strictly follows the wording of the statute. It reads, in pertinent part:

"* * * did unlawfully and feloniously take possession of goods, wares and merchandise, exceeding in value One Hundred & No/100 ($100.00) Dollars, offered for sale by J. B. HUNTER, INC., a corporation, with the intention of converting the same to his own use, without paying the purchase price thereof, in violation of Section 39–4235 of the Tennessee Code Annotated against the peace and dignity of the State of Tennessee."

Obviously, the indictment does not precisely describe the property taken, nor recite its exact value.

■ In the case of Blackman v. State, 169 Tenn. 197, 83 S.W.2d 899, wherein an attempted robbery was charged, the sufficiency of the indictment was challenged upon appeal because it contained no allegation that the property attempted to be robbed had value, or what value it had. The indictment simply alleged an attempt to steal, take and carry away "her personal property of the proper goods and chattels of * * *". Our Supreme Court held that details as to property value could be of no assistance in preparing the defense, and furthermore:

"(3, 4) But however this may be, we are of opinion that the Attorney General has submitted a sufficient answer to this complaint when he calls attention to the rules (1) that objections to the form of indictments are generally waived by going to trial without calling the attention of the trial judge to them, citing Stevenson v. State, 5 Baxt. (64 Tenn.), 681, 683; Palmer v. State, 121 Tenn. 465, 490, 118 S.W. 1022, and other cases; and (2) that such defects as are here relied upon will be cured by proof and verdict, citing State v. Green, 129 Tenn. 619, 167 S.W.

867; Mathis v. State, 164 Tenn. 81, 46 S.W.2d 44, and as correctly observed, there being no bill of exceptions in the present case, it must be conclusively presumed that the evidence in the case supplied all of the necessary facts."

The evidence in the case set sub judice certainly supplied a detailed and precise description of the television set taken. Our Supreme Court has often dealt with the question of a defective indictment, and has consistently held that where the charge is merely defective but does charge an offense that the defect is cured by the verdict of conviction. Driscoll v. State, 191 Tenn. 186, 232 S.W.2d 28; State v. Rice, 159 Tenn. 473, 19 S.W.2d 227; Warden v. State, 214 Tenn. 391, 381 S.W.2d 244; Pope v. State, 149 Tenn. 176, 258 S.W. 775; and Erby v. State, 181 Tenn. 647, 184 S.W.2d 14. We hold that to be the case here.

Finally, we are urged to reverse this conviction because of the nature of the proof of the value of the stolen television set. The only proof on this point is the testimony of two store security officers to the fact that the set carried a price tag of $109.95, and that that was its price (value). Neither was qualified as an expert upon value. Their testimonies were vigorously objected to, because they were not qualified as experts.

Their testimony established that the television set was not on special sale, but was for regular sale with a retail price tag thereon of $109.95, and had been so observed by them before this incident. This is uncontradicted.

■ We hold that in a shoplifting case evidence that merchandise was displayed for regular sale at a marked price representing its retail price is sufficient circumstantial evidence of value, where totally uncontradicted, to support a conviction grounded upon the marked price as its value. That the television set was displayed for sale over a period of time with a certain price tag upon it is not hearsay,

but fact; and is evidence that the tag reflected its retail value.

Many jurisdictions have considered the probative value of a price tag as establishing value for purposes of differentiating between grand and petit larceny, etc. The court in Camphor v. State, 233 Md. 203, 196 A.2d 75 (1963) held that a price tag was admissible in evidence to show the value of a sewing machine. The same court had already held, in a case very similar to ours upon its facts, that a security officer could put a price tag from a tape recorder in evidence on the issue of value, despite the fact that there was no evidence as to who had priced the article and in the face of the objection "that (the tag) would be hearsay". Lauder v. State, 233 Md. 142, 195 A.2d 610 (1963). The court said, inter alia:

"* * * The test is market value, and particularly retail value. People v. Irrizari, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69; Jewell v. State, 216 Md. 110, 112, 139 A.2d 707. *A price tag is a written representation of the price at which the owner offers to sell the article in question.* We think it falls squarely within the scope of Code (1957), Art. 35, sec. 59, as a document prepared or entry made in the regular course of business. We have held that section to apply to a wide variety of documents. (Citing cases.) The rule applies in criminal as well as civil cases. Jones v. State, 205 Md. 528, 533, 109 A.2d 732. A case closely in point is Caten v. Salt City Movers & Storage Co., 149 F.2d 428, 433 (C.A.2d). See also the article in 45 Mich.L.Rev. 748. *We find no error in the admission of the tag in the case at bar.* (Emphasis supplied.)

A grand theft conviction in Illinois was sustained upon appeal, wherein a supervising detective introduced into evidence coats with price tags attached, and "inventoried the coats and tabulated the sales tags" to arrive at his testimony that the sales price (value) was $800.00. People v. Davis, 94 Ill.App.2d 86, 236 N.E.2d 423 (1968).

From the same state, in People v. Leman, 95 Ill.App.2d 212, 238 N.E.2d 213 (1968), the Court approved the testimony of a "protection supervisor" as to retail value, saying, in part:

"* * * The witness' representation as to that value was based exclusively upon his personal observation and computation of the retail price tags which were then, and as of the date of the trial, remained affixed to the goods on exhibit before the court and defendant. This was firsthand testimony by an in court declarant which lay directly open to cross-examination for impeachment purposes as to discrepancies, hence we can find no fault or discredit with the procedure employed".

In 2 Wharton's Criminal Evidence 414, we find:

"§ 550. Estimates; value.

     *    *    *    *    *    *

"The value of property may be estimated by the person from whom it was stolen, irrespective of whether he was the true owner or not.

"In proving market value the opinion of witnesses, even though based on hearsay, are competent."

And from 1 Wharton's Criminal Evidence 621, we quote:

"§ 276. Value.

"When the nature of the offense or the punishment varies with the value of the property which has been affected, hearsay or reputation evidence in the form of the market value of the property is admissible.

The prosecution is not restricted as to the use of such evidence, and any evidence from which the jury can reasonable infer value is admissible. * * *"

We affirm this conviction.

WALKER, P. J., and O'BRIEN, J., concur.