William Henry JACKSON, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Oct. 29, 1971.

Certiorari Denied by Supreme Court Jan. 3, 1972.

Hugh W. Stanton, Jr., John P. Colton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Leonard T. Lafferty and Raymond S. Clift, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

William Henry Jackson, indigent and represented by the Public Defender, appeals his grand larceny conviction and three (3) year penitentiary sentence. A pick-up truck belonging to Stovall Engineering Company of Memphis was stolen from their place of business at some unknown time after late afternoon on Saturday, August 1, 1970; and on the following morning at about 3:00 a. m. Jackson was arrested while driving the truck alone in Camden, Tennessee, some 147 miles away. The State proved that Jackson had been given a ride in the truck on that Saturday afternoon in Memphis, and knew where the business was where it was parked when stolen. Jackson did not take the stand. He introduced one witness, apparently to establish that the witness and Jackson had been drinking heavily before the theft. Jackson was not drunk when arrested in the truck, and gave conflicting untrue stories as to whom the truck belonged. The evidence sufficiently establishes his guilt.

It is contended that the indictment did not state facts sufficient to constitute an offense against the State of Tennessee. The indictment alleges:

"* * * William Henry Jackson late of the County aforesaid, heretofore, to wit, on the _____ day of August A.D., 1970 before the finding of this indictment, in the County aforesaid, did unlawfully and feloniously steal, take and carry away one truck of the value of $650.00 all of the value of Six Hundred Fifty and No/100 . . . . Dollars, of the proper goods and chattels of Stovall Engineering Company, a business owned and operated by Tom Lee, Jr., individually with intent feloniously to convert the same to his own use, to deprive the true owner thereof against the peace and dignity of the State of Tennessee."

We would observe only that the truck was not particularly described. However, this question was never raised; and no question relative to the indictment was raised prior to the motion for a new trial.

This indictment is not void, but merely defective in that the stolen property

was not precisely described therein. Objections to the form of indictments are generally waived by going to trial without calling the attention of the trial judge to them. Stevenson v. State, 64 Tenn. 681; Palmer v. State, 121 Tenn. 465, 118 S.W. 1022; Blackman v. State, 169 Tenn. 197, 83 S.W. 2d 899. Defects such as the one involved here are cured by proof and verdict. State v. Green, 129 Tenn. 619, 167 S.W. 867; Mathis v. State, 164 Tenn. 81, 46 S.W.2d 44; Blackman v. State, supra; Driscoll v. State, 191 Tenn. 186, 232 S.W.2d 28; State v. Rice, 159 Tenn. 473, 19 S.W.2d 227; Warden v. State, 214 Tenn. 391, 381 S.W. 2d 244; Pope v. State, 149 Tenn. 176, 258 S.W. 775; and Erby v. State, 181 Tenn. 647, 184 S.W.2d 14. The proof in this case more precisely and sufficiently described the truck, no question having been raised. We overrule this assignment.

It is said that the evidence did not positively show the proper ownership of the stolen truck. The proof showed that Stovall Engineering Company was the sole proprietorship of Tom Lee, Jr., and that the truck was bought by Lee, either in his name or the Company name. In either case, Lee would be the owner. The assignment is overruled.

Error is assigned upon the testimony of one Mr. Hudgins, an employee of Stovall Engineering Company, as to the value of the stolen truck. This evidence was never objected to. In fact, it was again elicited on cross-examination. Assuming its incompetence if objected to, the law is well settled that incompetent evidence introduced without objection may be considered and given its natural probative effect. Casone v. State, 193 Tenn. 303, 246 S.W. 2d 22.

All assignments of error having been carefully considered and found to be without merit, they are overruled and the conviction affirmed.

WALKER, P. J., and O'BRIEN, J., concur.