## J. D. SANDERS v. THE STATE.*

### (*Nashville.* December Term, 1925).

1. **CRIMINAL LAW. Convicted defendant is presumed guilty on appeal where case was close on question of identification.**

Convicted defendant is presumed guilty on appeal where case was close on question of identification, since jury were in better position to settle such disputed question of fact than supreme court. (*Post, pp.* 140, 141.)

Acts cited and construed: Acts 1917, ch. 12; Acts 1925, ch. 22.

2. **STATUTES. Meaningless proviso in amendatory act that it shall not apply to any vehicle used as common carrier held not to make it unconstitutional (Acts 1925, chapter 22, amending Acts 1917, chapter 12; Constitution, article 2, section 17, article 11, section 8).**

Acts 1925, chapter 22, amending Acts 1917, chapter 12, relative to transportation of intoxicating liquor, *held* not to violate Constitution, article 2, section 17, nor article 11, section 8 because of its proviso that it "shall not apply to any vehicle or conveyance in use as a common carrier," since that proviso, being altogether meaningless, must be wholly disregarded. (*Post, pp.* 141, 142.)

3. **INTOXICATING LIQUORS. Indictment charging transportation of liquor need not allege origin or destination of transportation.**

In prosecution for transporting liquor, indictment need not allege from what point and to what point it was transported or that this was unknown to grand jurors, since such is matter of description, and not vital to accusation, in view of Shannon's Code, section 7088, which superseded common-law requirement that place of commission of offense should be alleged. (*Post, pp.* 142, 143.)

Case cited and approved: Pope v. State, 149 Tenn., 176.

Code cited ·and construed: Sec. 7088(S.).

Sanders v. State.

4. **CRIMINAL LAW.** One accused of transporting liquor held not prejudiced by failure of indictment to allege origin and destination of transportation.

Accused, in prosecution for receiving, possessing, and transporting intoxicating liquor, who dropped package and fled when approached by officers on public road, and whose defense was alibi, *held* not prejudiced by failure of indictment to allege origin and destination of transportation. (*Post, p. 143.*)

*Headnotes 1. Criminal Law, 17 C. J., Section 3597; 2. Statutes, 36 Cyc., p. 1109; 3. Intoxicating Liquors, 33 C. J., Section 430; 4. Criminal Law, 17 C. J., Section 3751.

FROM RUTHERFORD.

Appeal from the Circuit Court of Rutherford County. —Hon. JOHN E. RICHARDSON, Judge.

HOLLOWAY & COFFEY, for appellant.

W. H. SWIGGART, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a conviction for unlawfully receiving, possessing, and transporting intoxicating liquor —a general verdict under three counts. While there is a conflict in the evidence as to the identity of the accused, three reputable witnesses for the State, officers of the county, all testify positively that they saw the defendant below in actual possession of a package containing a

number of small bottles of liquor, in such form as to indicate that it was for sale. The defendant denies vigorously that he is the guilty party, and undertakes to establish an alibi by the testimony of several witnesses. The case is somewhat close on the question of identification, but the defendant in this court is presumed to be guilty, the jury having been in a much better position to settle clearly this disputed question of fact than is this court, and we are therefore unable to say that the evidence preponderates against the verdict.

By other assignments error is predicated upon the failure of the court to quash two counts of the indict ment upon motion duly made. This motion was based upon the ground that the indictment failed to charge that the defendant received the liquor directly or indirectly from a common or other carrier; the insistence being that the amendment to chapter 12, Acts of 1917, undertaken to be made by chapter 22 of the Acts of 1925 is ineffective because unconstitutional, in violation of article 2, section 17, and article 11, section 8. A second ground of the motion was that the indictment fails to charge from what point to what point in Rutherford county the liquor was transported, or that this was unknown to the grand jurors.

The attack on the constitutionality of the amendatory act of 1925 is because of an exception or proviso appended to section 1 of the act, readings: ''Provided that this act shall not apply to any vehicle or conveyance in use as a common carrier.'' We think it quite apparent that this proviso is without any proper application to the matter contained in this section, and is altogether meaningless, and must have been printed as it appears

by inadvertence, either of the clerk or other official. It follows that it must be wholly disregarded. Giving this construction to the proviso quoted, the amendatory act is free from ambiguity, or from any constitutional objection.

Nor are we of opinion that error was committed in failing to quash for lack of a more particular description of the offense alleged, on the ground only that the indictment did not state from what place to what point the transportation was being made. The common-law requirement that the indictment should allege the place of the commission of the offense, has been superseded by our statute (Shannon's Code, section 7088), which expressly provides that "it is not necessary for the indictment to allege where the offense was committed."

*Pope* v. *State*, 258 S. W., 775, 149 Tenn., 176, is relied on for the defendant, but that case is to be distinguished in several particulars. It was not therein held that it is necessary to the validity of an indictment for the transportation of liquor that the places of origin and terminus should be specifically charged, or, in the alternative, that these facts were unknown to the grand jury. In that case this court, speaking through Mr. Justice McKINNEY, said:

"It was held by this court, in *Kizer* v. *State*, supra, that the designation of the places of origin and termination of the illegal transportation is a matter of description and not a matter vital to the accusation; also that it is proper for the grand jurors to state in the indictment that the place of origin of the transportation was unknown to them.

"The proposition that transportation from one place to another, denounced by the statute, means transportation from one premises to another, is a result of construction, not an express statutory declaration, and need not be pleaded."

While it is thus indicated that it is proper for the grand jurors to state that the place of origin of the transportation was unknown to them, whenever this is the case, it was not held that an indictment would be fatally defective if it failed to contain a recitation of the places of origin and destination, or that this was unknown to the grand jurors. As therein held, this "is a matter of description and not a matter vital to the accusation."

Moreover, on the facts of the instant case it is, we think, quite clear that this defendant suffered no prejudice from the alleged failure of the indictment to give details by way of description with respect to the origin and destination of the transportation. In the first place, the defense was an alibi, and in the second place, the proof shows that the officers came upon the defendant walking on the public road with a package under his arm which he instantly dropped and then fled. Judgment affirmed.