IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 13, 2005

## STATE OF TENNESSEE v. RONNIE MISHER

**Direct Appeal from the Circuit Court for Obion County**
**No. 4-374     William B. Acree, Jr., Judge**

_____

**No. W2005-00445-CCA-R3-CD  - Filed November 30, 2005**

_____

The defendant, Ronnie Misher, was convicted of three counts of burglary of a vehicle and three counts of theft under $500. See Tenn. Code Ann. § 39-14-402(a)(4), - 103, -105(1) (2003). The trial court imposed a sentence of six years for each burglary conviction and a sentence of eleven months and twenty-nine days for each theft conviction. The trial court ordered that two of the burglary sentences be served consecutively and the remainder of the sentences be served concurrently, for an effective sentence of twelve years. In this appeal, the defendant asserts that the evidence was insufficient and that the trial court erred by imposing consecutive sentences. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Joseph P. Atnip, District Public Defender, and William K. Randolph, Assistant District Public Defender, Dresden, Tennessee, for the appellant, Ronnie Misher.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 3, 2004, Brandon Adams, an officer with the Union City Police Department, attended a fireworks display with his family in South Fulton. Officer Adams was off-duty and was not in uniform. At approximately 9:00 p.m., he returned to his parked van and heard the sound of breaking glass. As he turned, he saw a man, who was later identified as the defendant, leaning inside the broken window of a blue Toyota. Officer Adams, who was unarmed, identified himself as a police officer and ordered the defendant to stop. In response, the defendant placed something underneath his shirt and ran into a small brush pile. The officer shouted for someone to call the police and, when the defendant walked out of the brush pile, grabbed his arm in an attempt to stop him. A

struggle ensued but the defendant was able to flee from the scene. Officer Adams followed the defendant but eventually lost sight of him. As he looked for the defendant, Officer Adams encountered the South Fulton Chief of Police, Andy Crocker, who joined in the search. Officer Adams recalled that he saw the defendant shortly thereafter and chased him on foot. Ultimately, officers of the South Fulton Police Department, who had also joined in the search, placed the defendant under arrest. Officer Adams led Chief Crocker back to the brush pile, where Chief Crocker and another officer discovered three purses in a plastic bag inside the brush pile.

At trial, Officer Adams acknowledged that he never actually saw what the defendant placed under his shirt and never saw the defendant in possession of any burglary tools. The officer also conceded that he did not see the defendant remove anything from his shirt and place it in the brush pile.

Chief Crocker, who also attended the fireworks display in South Fulton, testified that shortly after the fireworks began, he heard someone shouting for the police. He stated that he encountered Officer Adams, who explained that he had witnessed a car burglary. Chief Crocker recalled that he saw the defendant shortly thereafter and when he ordered him to stop, the defendant "took off running." Chief Crocker testified that after he and several other officers apprehended the defendant, they returned to the brush pile and discovered a garbage bag that contained three purses. Chief Crocker confirmed that two other vehicles were burglarized that same night. According to Chief Crocker, those two vehicles were parked approximately thirty yards apart and approximately seventy-five yards from the blue Toyota.

South Fulton Police Department Officer Rusty Singleton testified that on the night of the offenses, he received a call that other officers were involved in a foot chase with the defendant. Officer Singleton stated that when he received information that the defendant had gone into a nearby creek, he parked his patrol car, walked toward the creek, and saw the defendant run out of the creek just before the arrest. Officer Singleton recalled that he discovered two purses inside a black garbage bag and another purse on top of the bag in the brush pile where the defendant had hidden. Officer Singleton, who was charged with locating the owners of the burglarized vehicles, confirmed that the owners of the vehicles were able to identify the stolen purses.

Lisa Eason, Jo Ellen Potts, and Amanda McCoy each testified that their vehicles had been burglarized and their purses stolen. Each victim was able to identify her purse when it was returned by the police.

The fifty-five-year-old defendant testified that on the evening of the offenses, he was visiting with friends whose son had died. He denied burglarizing the three vehicles and claimed that he first encountered Officer Adams as he was walking home. The defendant contended that Officer Adams ordered him to stop and when he did not do so, the officer grabbed his shirt and accused him of the burglaries. The defendant admitted that he fled from the officer, explaining that he did so because he was unaware that he was a police officer. He insisted that Officer Adams was mistaken in his identification.

# I

The defendant first asserts that the evidence is insufficient. He argues that because Officer Adams did not actually see him take the purses from the cars and because he did not possess any burglary tools, the state failed to meet its burden of proof.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

As indicated, the defendant asserts that the proof offered to establish his identity as the perpetrator was insufficient. Identity, of course, is an indispensable element. See White v. State, 533 S.W.2d 735, 744 (Tenn. Crim. App. 1975). Our law provides that identification of the perpetrator of a crime may be accomplished by either direct or circumstantial evidence, or both. State v. Thompson, 519 S.W.2d 789, 793 (Tenn. 1975). The determination of identity is a question of fact for the jury after consideration of all competent evidence. See Biggers v. State, 411 S.W.2d 696, 697 (Tenn. 1967); Sanders v. State, 281 S.W. 924, 924 (Tenn. 1925); State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993); State v. Crawford, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982).

Where the evidence is entirely circumstantial, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence. There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt. Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. 1970). The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests. Bishop v. State, 287 S.W.2d 49, 52 (Tenn. 1956). Like all other fact questions, the determination of whether all reasonable theories or hypotheses are excluded by the evidence is a jury question. State v. Tharpe, 726 S.W.2d 896 (Tenn. 1987); see Marable, 313 S.W.2d at 451, 457 (Tenn. 1958).

The jury is governed by four rules when testing the value of circumstantial evidence: (1) The evidence should be acted upon with caution; (2) all of the essential facts must be consistent with the hypothesis of guilt; (3) the facts must exclude every other reasonable theory except that of guilt; and (4) the facts must establish such a certainty of guilt as to convince beyond a reasonable doubt that the defendant is the perpetrator of the crime. Marable, 313 S.W.2d at 456.

Officer Adams testified that when he heard the sound of breaking glass, he turned to see the defendant leaning inside the broken window of a blue Toyota. When Officer Adams identified himself as a police officer, the defendant placed something underneath his shirt and fled on foot. The officer followed the defendant to a small brush pile where other officers later found a plastic bag containing three stolen purses. During the investigation, officers discovered that two other vehicles in close proximity to the blue Toyota had also been burglarized. The purses found in the brush pile where the defendant had hidden from Officer Adams were identified as belonging to the owners of the three burglarized vehicles. The jury accredited the testimony of the state's witnesses, as was its prerogative. See State v. Summerall, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995). In our view, the evidence was sufficient for a rational trier of fact to have found beyond a reasonable doubt that the defendant committed the crimes.

II

Next, the defendant contends that the trial court erred by imposing consecutive sentencing. He concedes that Tennessee Code Annotated section 40-35-115(b)(2), that the defendant "is an offender whose record of criminal activity is extensive," is applicable but complains that the trial court did not give sufficient weight to his advanced age and the downward trend over the last decade in the frequency of his criminal convictions. The state submits that the sentence is appropriate.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401 (2003), Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), our high court established an additional category for those defendants convicted

of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

Taylor, 739 S.W.2d at 230. The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115 (2003), Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[1] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) The defendant is an offender whose record of criminal activity is extensive;
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
> (6) The defendant is sentenced for an offense committed while on probation; or
> (7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2003).

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1) (2003), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2) (2003); State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

---

[1]The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

The trial court ordered that two of the six convictions be served consecutively on two grounds. Because the defendant had more than thirty prior criminal convictions, the trial court concluded that he was a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. See Tenn. Code Ann. § 40-35-115(b)(1) (2003). The trial court also ruled that the defendant was an offender whose record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(b)(2) (2003). In an effort to provide some measure of leniency to the fifty-five-year-old defendant, who also qualified as a career offender, the trial court chose to impose consecutive sentences on only two of the six convictions.

The defendant concedes that his record of criminal activity is extensive, see Tenn. Code Ann. § 40-35-115(b)(2) (2003), but argues that the trial court failed to give sufficient consideration to his age. In our view, the record indicates otherwise. Because the record establishes that the defendant has an extensive record of criminal activity, the trial court did not err by ordering consecutive sentences.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE