**STATE of Tennessee, Appellee,**

v.

**Shelby Ross BRIDGEFORTH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 31, 1992.

Permission to Appeal Denied by Supreme Court July 27, 1992.

Charles W. Burson, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., and Victor S. Johnson, III, Dist. Atty. Gen. and Floyd N. Price, Asst. Dist. Atty. Gen., Nashville, for appellee.

Jeffrey A. DeVasher, Asst. Public Defender, (appeal only) and Ross E. Alderman, Asst. Public Defender, (trial only), Nashville, for appellant (Karl Dean, Chief Public Defender, of counsel).

## OPINION [1]

JONES, Judge.

The appellant, Shelby Ross Bridgeforth, appeals of right from his conviction for theft over the value of $1,000. He contends that the trial court committed error of prejudicial dimensions when it permitted the bailee of the stolen property to establish its value.[2] The State contends that the bailee from whom the property was stolen is qualified to establish the value of stolen property in a prosecution for theft. The

trial court found that the value of the stolen property was $7,500.

The judgment of the trial court is reversed for the reasons set forth in this opinion; and the cause is remanded to the trial court for a new trial.

The ABC Express, Inc., is a trucking firm which is engaged in the transportation of personal property for hire. The company's headquarters are located in Lebanon, Tennessee. The appellant was employed by the company as a truck driver.

On May 3, 1990, the appellant obtained a load of television sets from a warehouse in Murfreesboro, Tennessee. The televisions were owned by Toshiba, who operated a plant in Lebanon. The appellant subsequently delivered the trailer containing the television sets to ABC's facility in Lebanon. The televisions were to be kept there until a delivery date was determined.

On May 4, 1990, the appellant was assigned to move three trailers containing television sets from Toshiba's Lebanon facility to a warehouse in Murfreesboro, Tennessee. It was subsequently discovered that the appellant did not appear at the site where the three trailers were located; and, as a consequence, he did not transport any of the assigned trailers to Murfreesboro. Later that day a person advised ABC by telephone that one of their trucks was parked across the street from her residence; and television sets were being sold from the trailer. An inventory of the company's lot revealed that the trailer transported by the appellant from the Toshiba warehouse to the lot on May 3rd was missing.

---

1. The appellant was indicted as "Shelby Ross Bridgeforth." However, the parties have titled the pleadings in this Court as "State of Tennessee vs. Shelby Bridgeforth."

Rule 30(b)(2), Tenn.R.App.P., provides that the front cover of a brief shall contain "the title of the case as it appeared in the trial court, except that the status of each party in the appellate court shall also be indicated." The Court interprets this rule to mean that the name of the appellant set forth in the indictment or presentment is the name that should be used in this case.

It is the policy of this Court to include the name of the accused appearing in the indict-

ment in the opinion title. Thus, this Court has titled its opinion "State of Tennessee vs. Shelby Ross Bridgeforth" notwithstanding the fact that the parties have used a different name in the title of their respective pleadings.

2. The issue presented for review stated in the appellant's brief is as follows: "Did the trial court err in allowing the State to establish the value of the stolen property solely through testimony that the carrier company from whom the property was stolen paid the owner of the property a certain amount for the loss where that testimony was based upon out of court declarations by said owner?"

The president of ABC went to the location in Nashville where the tractor-trailer rig was located. When he arrived, several people were congregating at the rear of the trailer. The president called the Metro Police Department, reported what had occurred, and asked for assistance. The investigation revealed that the seal on the trailer had been broken; and the televisions had been removed from the trailer.

Toshiba filed a formal ICC claim with ABC for the cost of the televisions. The president of ABC testified that the company paid Toshiba $7,463.34 for the missing televisions.

Prior to the enactment of the Tennessee Rules of Evidence, this Court held that a bailee was qualified to testify as to the value of property stolen from him notwithstanding the property was owned by the bailor. *State of Tennessee v. Jere Seaton and Dwight Seaton,* Sevier County No. 72, 1986 WL 7849 (Tenn.Crim.App., July 15, 1986, Knoxville). This Court said in *Seaton:* " 'An owner of property may properly testify as to the value of his property.' *Reaves v. State,* 523 S.W.2d 218 (Tenn. Crim.App.1975). Also, our Court has recognized that the value of stolen property 'may be estimated by the person from whom it was stolen, irrespective of whether he was the true owner or not.' *Norris v. State,* 475 S.W.2d 553, 446 (Tenn.Crim.App. 1971) (quoting from 2 Wharton's Criminal Evidence Section 550 (1955)."

The Tennessee Rules of Evidence provide that a "witness may testify to the value of the witness's own property or services." Tenn.R.Evid. 701(b). The Advisory Commission Comment does not embellish upon this subsection of the rule. The only treatise addressing this rule states:

> It is well established in Tennessee law that lay opinion testimony regarding the value of the witness's own real or personal property or services is admissible. *Rule 701(b)* clearly and simply states this, although *it makes no provision for similar testimony by a non-owner, even if an extensive factual foundation is laid.* For example, Rule 701(b) does not appear to permit the lay witness who is

extensively familiar with a parcel of real estate or an item of property to express an opinion as to its value. However, an owner's opinion as to value is not rendered inadmissible simply because it is an estimate, rather than a precisely computed figure. A qualified expert may also testify about the value of property. It should be noted that the Tennessee rule specifically addresses testimony regarding the witness's opinion of the value of his or her own property or services. No such language is present in the federal rule, although federal case law provides for essentially the same result. (Emphasis added.)

D. Paine, N. Cohen & S. Sheppard, *Tennessee Law of Evidence* Section 701.6 (2nd ed. 1991), at pp. 352–353. This treatise does not mention or allude to either *Norris* or *Seaton* in the footnotes to this section.

If the rules committee, the Supreme Court, or the General Assembly had intended that the word "owner", as used in Rule 701(b), was to include the bailee of property, the rule would so provide. Moreover, this Court is not willing to construe the word "owner" to include someone other than the person who has title to the stolen property. Such a liberal interpretation would distort the clear meaning of the rule.

BIRCH and SUMMERS, JJ., concur.