IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL SESSION, 1997

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9603-CC-00122 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER |
| WILLIAM LYNN HOLT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Theft) |

FOR THE APPELLANT:

LAWRENCE A. WELCH, JR.
1104 Tusculum Blvd., Ste. 101
Greeneville, TN 37743

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

C. BERKELEY BELL
District Attorney General

ERIC D. CHRISTIANSEN
Assistant District Attorney
113-J West Church Street
Greeneville, TN 37743

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Greene County Criminal Court jury found Appellant, William Lynn Holt, guilty of theft of property valued over $10,000 and under $60,000. Appellant was sentenced to six years in the Tennessee Department of Correction and fined $10,000. On appeal, Appellant presents the following issues for review:

1) whether the evidence presented at trial was insufficient as a mater of law to support the jury verdict of theft of property valued between $10,000 and $60,000;

2) whether the trial court erred in denying the defense request for a jury instruction on joyriding as a lesser included offense;

3) whether the trial court erred in not giving the jury instruction set out by the Tennessee Supreme Court in State v. Dyle, 899 S.W.2d 607(Tenn. 1995); regarding eyewitness identification.

After a review of the record, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

The evidence presented at trial established that in early June, 1995, Appellant and three other people worked at the home of J.C. Jones, painting the Jones home. Mr. Jones testified that at that time he owned a 1964 yellow Corvette convertible automobile, which he kept hidden behind his house.  On June 8, the Jones family left for a

vacation without having given anyone permission to drive the car. They were informed later that week that the automobile had been stolen and burned. Mr. Jones testified that the car had a fair market value of at least $25,000.

Mr. Hobert Carter, familiar with Mr. Jones' automobile, saw the car being driven at about 8:45 p.m. on June 8, 1995. Mr. Carter identified Appellant as having been the driver of the car. Mr. Ronnie Brown testified that Appellant came to his body and repair shop and asked him to paint a '64 Corvette convertible. Mr. Brown refused to paint the car, telling Appellant, "I ain't getting in trouble." Ms. Kay Lane testified that she took Appellant to a field behind a trespassing gate in order to retrieve a car for which he said he had traded a motorcycle and a Camero. Ms. Lane testified that he got the keys to the car from the trunk and drove the car to a trailer park. She later received a phone call telling her that Appellant had wrecked. She drove to where Appellant was and overheard him talking about having to get rid of the car. Several other witnesses testified they saw Appellant driving the Corvette.

## SUFFICIENCY OF THE EVIDENCE

Appellant argues that the evidence presented at trial was insufficient to support the verdict of guilty in that there was no competent evidence to establish the value of the stolen automobile. He bases this argument upon the fact that J.C. Jones is not the owner of

record, though he provided the only testimony regarding the value of the car. In State v. Bridgeforth, 836 S.W.2d 591 (Tenn. Crim. App. 1992), this court held that Tennessee Rule of Evidence 701 prohibits value testimony from any lay witness other than the property owner. However, Bridgeforth involved testimony from a bailee regarding the value of property in the bailment. The situation in the case sub judice is very different from that presented by Bridgeforth. Here, the witness who testified regarding the value of the car was married to the titled owner of the car. The testimony was that the car was their joint marital property. While the figure put into evidence by the bailee in Bridgeforth did not in anyway demonstrate how the amount was arrived at or even that the bailee had any reliable knowledge of the value of the goods, the value attributed to the car by Mr. Jones was clearly arrived at through intimate knowledge of the vehicle. This issue is without merit.

## FAILURE TO CHARGE JOYRIDING

Appellant argues that the trial court erred in failing to charge the jury on the lesser offense of joyriding, Tennessee Code Annotated Section 39-14-106. A person commits "joyriding" when he or she: "takes another's automobile, airplane, motorcycle, bicycle, boat or other vehicle without the consent of the owner and the person does not have the intent to deprive the owner thereof."

A trial court has a duty to instruct the jury on all lesser included or lesser grade of offenses whether or not it is requested to do so.

State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). However, the trial court is not required to instruct the jury regarding a lesser included or lesser grade of offense where no evidence has been presented to support a lesser offense. Id.; Whitwell v. State, 520 S.W.2d 338, 343 (Tenn. 1975); and State v. Rhoden, 739 S.W.2d 6, 11 (Tenn. Crim. App. 1987). The facts in this case do not support a jury charge for joyriding. Appellant consulted with a body shop about painting the vehicle. After wrecking, Appellant burned the car. There is no evidence in this record that Appellant intended anything but to deprive the owner of the car of his property. Therefore, the trial judge's failure to charge the jury on the lesser offense of joyriding was not reversible error. This issue is without merit.

## HEARSAY OBJECTION

Appellant maintains that the trial court erred in sustaining the State's objections to certain questions asked during the cross-examination of Detective Ellison. On direct examination the prosecutor elicited from Detective Ellison that Mr. Hobert Carter had told Ellison that he had seen Appellant driving the Jones' vehicle. This testimony was admitted pursuant to Tenn. R. Evid. 803(1.1) which allows, as an exception to the hearsay rule, a prior statement of identification by a witness if the declarant testified and is subject to cross-examination. On cross-examination counsel for Appellant asked questions of Ellison concerning whether Carter had told Ellison that appellant had waived at Carter when Carter saw him in the Jones' Corvette. The State's objections to these questions were sustained on hearsay grounds.

Hearsay is defined at Tenn. R. Evid. 801(C) as:

> . . . a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.

Clearly, counsel wanted to show by this line of questioning that Appellant was not afraid of being seen driving the Corvette, and had in fact waved to Carter. However, it is equally clear that eliciting this information through Ellison amounted to an attempt to introduce hearsay for which no exception exists and it was therefore properly excluded. In any event during Mr. Carter's testimony counsel asked Carter if Appellant had waved to him. Carter responded that Appellant had indeed waved. The jury had the benefit of this information and its exclusion during Ellison's testimony could not have harmed Appellant.

## JURY INSTRUCTION REGARDING IDENTITY

Appellant's last complaint concerns the jury instruction regarding identity. At trial the jury instructed the jury with the traditional pattern instruction regarding identity. T.P.I.Crim. (3d ed.) 42.05 (1993). Appellant maintains that this instruction was insufficient in light of the Tennessee Supreme Court's holding in State v. Dyle, 899 S.W.2d 607 (Tenn. 1995). In Dyle our state supreme court held that in cases where the identity of the defendant is a material issue, a more comprehensive jury instruction than that of the traditional pattern charge should be given to the jury if the defendant requests the more comprehensive instruction.

The jury instructions promulgated by the Court in <u>Dyle</u> reads as follows:

> One of the issues in this case is the identification of the defendant as the person who committed the crime. The state has the burden of proving identity beyond a reasonable doubt. Identification testimony is an expression of belief or impression by the witness, and its value may depend upon your consideration of several factors. Some of the factors which you may consider are:
>
> (1) The witness' capacity and opportunity to observe the offender. This includes, among other things, the length of time available for observation, the distance from which the witness observed, the lighting, and whether the person who committed the crime was a prior acquaintance of the witness;
> (2) The degree of certainty expressed by the witness regarding the identification and the circumstances under which it was made, including whether it is the product of the witness' own recollection;
> (3) The occasions, if any, on which the witness failed to made an identification of the defendant, or made an identification that was inconsistent with the identification at trial; and
> (4) The occasions, if any, on which the witness made an identification that was consistent with the identification at trial, and the circumstances surrounding such identifications.
>
> Again, the state has the burden of proving every element of the crime charged, and this burden specifically includes the identity of the defendant as the person who committed the crime for which he or she is on trial. If after considering the identification testimony in light of all the proof you have a reasonable doubt that the defendant is the person who committed the crime, you must find the defendant not guilty.

<u>Id.</u> At 612.

If a defendant fails to request the instruction set forth above, the case under consideration must be analyzed to determine whether the failure to give the instruction amounts to harmless error. Id. In the instant case Appellant did not request that the Dyle instruction be given. We therefore review the case under a harmless error standard.[1]

In this case Kay Lane testified she was with Appellant when he first took the Corvette. Appellant was positively identified as driving the car on June 8, 1995. The next day Appellant asked Ronnie Brown to paint the Corvette. In addition four other witnesses who knew Appellant also saw him driving the stolen Corvette. We are convinced that any error in the failure to give the Dyle instruction did not effect the verdict in this case. Tenn. R. Crim. P. 52(a). This issue is without merit.

Having reviewed the record and the arguments of the parties we conclude there is no reversible error in this record. Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[1] It should be noted that only if identity is a material issue is a defendant entitled to the Dyle instruction upon request or a harmless error analysis in the absence of a special request. If identity is not a material issue failure to give the Dyle instruction is not error at all. Identity is a material issue when the defendant puts it in issue or when eyewitness testimony is uncorroborated by circumstantial evidence. Dyle at 612 F.N.4. In the case sub judice Appellant only hinted that the eyewitnesses were mistaken in identifying him as the perpetrator of the car theft. His primary defense was that he did not intend to permanently deprive the owner of the vehicle. Thus, it is questionable whether identity was a material issue in this case. We nevertheless will address this issue under the harmless error standard.

CONCUR:

-9-

_____
JOE G. RILEY, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE