IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2000 Session

## STATE OF TENNESSEE v. TOSCAR C. CARPENTER, SR.

**Appeal as of Right from the Circuit Court for Williamson County**
**No. I599-139     Donald P. Harris, Judge**

───────────────

**No. M2000-00990-CCA-R3-CD - Filed December 29, 2000**

───────────────

The appellant, Toscar C. Carpenter, Sr., pursuant to a bench trial, was convicted of one count of theft over $1000, a class D felony. The trial court sentenced the appellant as a career offender to twelve years incarceration in the Tennessee Department of Correction. The appellant presents the following issue for our review: whether, considering the inconsistency and nature of the testimony of the prosecution's witnesses, there was sufficient evidence to convict the appellant of theft over $1000. Based upon a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Larry D. Drolsum, Franklin, Tennessee, for the appellant, Toscar C. Carpenter, Sr.

Paul G. Summers, Attorney General and Reporter, Russell S. Baldwin, Assistant Attorney General, Sharon Guffee, Assistant District Attorney General, and Ronald L. Davis, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On November 6, 1993, the appellant, Toscar C. Carpenter, Sr., entered the Castner Knott Department store at Cool Springs Mall in Williamson County. Security cameras in the store recorded the appellant carefully checking merchandise in the section of the store containing expensive men's clothing. He then proceeded into the mall and spoke with six individuals. The individuals followed the appellant back into Castner Knott, and the group proceeded to a table displaying Nautica brand shirts and pants. One of the females in the group held open a large white bag while the appellant placed nine shirts and nine pairs of pants into the bag. The group left the store after noticing that two members of the Castner Knott Loss Prevention Security team, Jonathan Boese and Robert Huey, were approaching.

Boese and Huey followed the appellant and one of the females into the parking lot. The appellant held the bag containing the stolen merchandise. Boese and Huey approached the appellant in order to recover the merchandise and apprehend the appellant. However, both Boese and Huey backed away from the appellant when they noticed that he had a knife in the waistband of his pants. The appellant dropped the bag containing the stolen merchandise and got into his car. The appellant and the female sped away in the vehicle. For a brief time, Officer Andrew Green with the Franklin Police Department followed the two suspects. However, Officer Green soon terminated his pursuit of the vehicle. Boese, Huey, and Officer Green returned to the Loss Prevention department of Castner Knott. They inventoried the bag and found that the bag contained nine Nautica shirts with a price tag of $59 each and nine pairs of Nautica pants with a price tag of $57 each, for a total of $1044 worth of stolen merchandise.

The State charged the appellant with theft of property over $1000 and with aggravated assault. Following a bench trial, the trial court acquitted the appellant of aggravated assault but found him guilty of theft of property over $1000, a class D felony. The trial court sentenced the appellant as a career offender to twelve years incarceration in the Tennessee Department of Correction. The appellant presents the following issue for our review: whether, considering the inconsistency and nature of the testimony of the prosecution's witnesses, there was sufficient evidence to convict the appellant of theft over $1000.

## II. Analysis

The appellant challenges the sufficiency of the evidence adduced at trial to support his conviction of theft of property over $1000. As the prevailing party in the trial court, the State is afforded the strongest legitimate view of the evidence produced at trial and all reasonable inferences which may be drawn from that evidence. State v. Henning, 975 S.W.2d 290, 299 (Tenn. 1998). Additionally, this court has stated that "it is logical and compelling that the judge's role at a bench trial be considered the same as the jurors' role at a jury trial. Each, when so sitting, is acting as the trier of facts." State v. Daniels, 531 S.W.2d 795, 801 (Tenn. Crim. App. 1975). Accordingly, in a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). This court will not reweigh or reevaluate the evidence in determining the sufficiency of that evidence to convict the appellant. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

The appellant's conviction removes the presumption of the appellant's innocence and, on appeal, replaces it with a presumption of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Accordingly, the appellant bears the burden of proving to this court why the evidence adduced at trial does not support his conviction. Id. Put another way, the appellant must demonstrate that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

In order to sustain a conviction for theft of property over $1000, the State needed to prove that the appellant, with the intent to deprive the owner of the property, knowingly obtained or exercised control over property without the owner's effective consent, and the value of the property was over $1000 but less than $10,000. Tenn. Code Ann.§ 39-14-103, -105(3)(1997). The appellant concedes that he knowingly obtained, without consent and with the intent to deprive the owner, the property of Castner Knott. However, the appellant contends that the State failed to prove that the value of the property taken was over $1000.

The appellant first argues that the State failed to prove the value of the stolen merchandise through a competent witness. He cites State v. Bridgeforth, 836 S.W.2d 591 (Tenn. Crim. App. 1992), in support of this proposition. In Bridgeforth, the owner of a trucking company testified as to his opinion regarding the value of the merchandise stolen from the truck. This court held that the truck owner, as a bailee, was not a competent witness to testify to the value of the property and that the title owner of the property would need to testify to the value of the stolen items. Id. at 593. The appellant argues that, in this case, the owner of the merchandise did not testify, and, therefore, the testimony of Boese, Huey, and Officer Green was incompetent to prove the value of the stolen merchandise. We disagree.

Initially, we note that the appellant failed to object at trial to the introduction of the testimony of Boese. Therefore, this issue is waived. See Tenn. R. App. P. 36(a). Accordingly, "[Boese's] testimony is proper proof of the value of the property. . ." State v. Wright, No. 03C01-9203-CR-00087, 1992 WL 386323, at *2 (Tenn. Crim. App. at Knoxville, December 29, 1992). Additionally, Bridgeforth addresses who is allowed to testify regarding their opinion of the value of the stolen merchandise. See Tenn. R. Evid. 701 (discussing opinion testimony by a lay witness). In the instant case, Boese did not testify concerning his *opinion* of the value of the stolen merchandise. Instead, Boese testified that the items stolen had a certain price marked on their price tag. See Norris v. State, 475 S.W.2d 553, 555-556 (Tenn. Crim. App. 1971). Accordingly, Tenn. R. Evid. 701 does not apply in this case. Boese, a Loss Prevention officer with Castner Knott at the time of the theft, testified that, based upon the price tags on each item, the value of the merchandise at the time of the theft was $59 for each shirt and $57 for each pair of pants, for a total value of $1044. Boese also maintained that the items had just arrived at the store the day of or the day before the theft and were not on sale.

The appellant also contends that the testimony of Boese and Huey was contradictory, and, therefore, the prosecution failed to prove the value of the stolen merchandise. Boese testified that the appellant had stolen nine Nautica shirts and nine pairs of Nautica pants. Huey testified that the appellant had stolen seven shirts and seven pairs of pants. However, Huey admitted that he did not independently recall the number of items stolen because the theft happened six years earlier. Huey further stated that the number of items stolen was correctly entered on the incident report Boese and Huey made after the theft. See State v. McAnally, No. 88-149-III, 1989 WL 28786, at *1 (Tenn. Crim. App. at Nashville, March 30, 1989). Additionally, the incident report indicated that the appellant had stolen nine shirts and nine pairs of pants. See State v. Nash, No. 83, 1989 WL 100228, at *2 (Tenn. Crim. App. at Jackson, August 30, 1989). Furthermore, Officer Greene

testified that his report indicated that approximately $1080 worth of merchandise was stolen.[1] The trial court, as the trier of fact, resolved this conflict in the testimony in favor of the State by concluding that the appellant had stolen nine shirts and nine pairs of pants. See State v. Farrar, No. 01C01-9605-CC-00198, 1997 WL 383146, at *3 (Tenn. Crim. App. at Nashville, July 11, 1997). We will not substitute our view on appeal for that of the trial court. This issue is without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

---

[1] This figure is the total achieved when the rounded off price of each item ($60) is multiplied by the number of items stolen (18 total).